The next case is No. 23-1229, U-Nest Holdings, Inc. v. Ascensus Coll. Sav. Rk'ing Svcs. LLC. At this time, would Counsel for the Appellant please introduce himself on the record to begin? Good morning, Chief Judge Barron, Judge Lynch, and Judge Howard. May it please the Court, Joseph Farside for the plaintiff, U-Nest Holdings. Before you begin, let me just make sure we've got audio. Judge Howard, can you hear us? Yes. And Judge Lynch? Yes. Okay, great. Okay, I apologize for the delay. Please start. Thank you, Your Honors. If I may, I'd like to reserve two minutes for rebuttal. You may. Thank you. U-Nest comes to this Court today with clean hands and seeks just two things, an order finding that the District Court abused its discretion in denying the motion to vacate without a hearing based on the facts alleged by U-Nest, and after the District Court specifically indicated it did not view a hearing as valuable to it, as well as an order remanding the matter to the District Court so that such hearing can finally be held. This is the same relief that this Court afforded to the movement in the U.S. v. Baugh's case, and that relief is all that we seek here.  Counsel. Yes, Your Honor. From my point of view, the first question to address is whether the District Court was correct that this is not a Rule 60b-6 question, but is a Rule 60b-3 question. Do you agree? Your Honor, we contend that the District Court abused its discretion by not considering our motion under Rule 60b-6, and further, that there might be rules. That question required a yes or no answer. I take it your answer is yes. You did get a hearing and argument and briefing on that issue, did you not? Your Honor, we did not get full briefings specifically on the issue of b-3 versus b-6, and we contended all along that b-6 and b-3 were not mutually exclusive. Excuse me. Yes, Your Honor. You started by saying there was an abuse of discretion because there was no hearing. I believe there was a hearing on the 60b-6 question. There was a hearing, but it was not an evidentiary hearing, Your Honor. I see. It's your contention that on a decision as to whether a motion is a 60b-3 or a 60b-6, it is an evidentiary hearing that is required? You didn't request one, did you, at that point? Well, Your Honor, it was at the very first hearing following the briefing. Just answer the question, yes or no. Your Honor, we indicated in our briefing papers that our client was present and willing to testify at that hearing, and then the court indicated to us, Your Honor, that the court did not view a hearing as necessary, an evidentiary hearing as necessary. On the 60b-3 versus 60b-6, yes or no? I do not believe an evidentiary hearing is necessary on the specific issue of determining Rule 60b-3, whether relief is available under either or both of those. All right, so now the second question is, was the court correct in finding that despite numerous opportunities, you did not provide any evidence, although you did provide argument, on the 60b-3 question that there had been fraud or misrepresentation? Okay, so that's the question now before you, and as I understand it, your only argument is the district court was required to hold an evidentiary hearing. You are not contesting the fact that you did not produce such evidence. We are contesting that, Your Honor. The evidence is contained in four summaries. One is the census press release announcing its own application, which contained numerous admissions. The other is the January 2020 preliminary injunction hearing transcript, in which the false statement we claim is the basis of the fraud inducing the settlement was made in open court before Judge Smith. Our May 2021 complaint, which alleged facts that postdated the settlement agreement and also included specific allegations, approximately a dozen of them, explaining the fraud that occurred and how UNEST was induced to enter the settlement as a result of it. And the district court itself acknowledged in the hearing in November of 2022 that the categorical statement made by UNEST, quote, took all the air out of the plaintiff's sail in the case. And the reason I bring that up is because... Okay, as to each of those, the district court reviewed each of those and said, that doesn't meet your burden of showing fraud or misrepresentation. As I understand it, you're arguing those are necessary inferences that must be drawn from those particular allegations that you have made and the fact of the statement that you say induced the settlement. That's correct, Your Honor. All right. Why? Why are those necessary inferences? And then secondly, why would that meet your burden? The standard across all of the cases, it's a two-step standard. The first step is you must take the allegations of the movement as true. The second step is if when taken as true, those allegations would lead to relief. If proven, then an evidentiary hearing must be convened to evaluate those allegations. And... Can I just stop you? Yes. The predicate step, do you agree you have to request the hearing? No, we don't, Your Honor. And you think that there is an obligation even in the absence of request to hold one? Yes, Your Honor. What's your precedent for that? There's no precedent that indicates a party must request an evidentiary hearing. That's my question. My question is, what precedent indicates that the district court must hold one to respond to when there is no request? Thank you, Your Honor. The first source is the Beretta Echevarria case. Forgive me if I'm mispronouncing that. The new counsel in that case had filed the Rule 60b-6 motion based on alleged jury taint, which relied only upon hearsay upon hearsay and rumors. Your Honor wrote a dissent in that opinion that questioned some of the decision-making of the panel. The court nonetheless remanded a case with hearsay upon hearsay and rumors with instructions to the district court to hold an evidentiary hearing. Now, it just so happened that in that case, the movant had requested the hearing, but that's not why that decision was remanded for a hearing. But I'm still looking for a case that says a district court is obliged to hold a hearing in the absence of a request. Let's look then to Boss, First Circuit, 1987. The district court abused its discretion by denying the motion for relief under Rule 60b-6 without holding an evidentiary hearing where the facts alleged by the movant, if proven, would justify relief. Was there a request for a hearing there? It's unclear to me, Your Honor. That doesn't help you, though. The case didn't, the- That doesn't help you. You need a case, if your position is that even though you didn't request it, they're obliged to hold it, I would think there would need to be some authority to suggest that. I had thought you were making a different argument, which is that you were told the request would be denied, and therefore you didn't need to make it because the district court made it clear he was going to deny it. I thought you had made that argument. Well, I'm making both arguments, Your Honor. I think both are at play here today, and certainly standing before Judge Smith and hearing from Judge Smith that he seemed to think our allegations were of- And now you're making that second argument. Correct. Okay, with respect to the second argument, what- It depends on, I think, the district court saying, I won't hold an evidentiary hearing. But as I read the transcript, that's not what the district court said. I beg to differ, Your Honor, respectfully. I need to put this on the record, if you will. The court said, actually, I think rather than an evidentiary hearing, what I'm really wondering is why we shouldn't simply open up discovery in the new case, get all the discovery done. One answer to that would be you shouldn't do that. I'd like an evidentiary hearing, but you didn't say that. I have to differ on that as well, Your Honor. When a judge says he thinks something different should happen, and frankly what he was suggesting was in my client's favor at that point in time, and we had told him in response that we had witnesses in the courtroom ready to testify, and he said we don't need to do that, at that point I did not feel very empowered then to say, well, Judge, we disagree, we shouldn't open up all this discovery, and instead we should hold a narrow evidentiary hearing on this Rule 60B6 motion. Well, you could have just said in the alternative, if you'd like to do that, I'd like to preserve that I'd like an evidentiary hearing if you're not going to hold, you're not going to go down that road, but you didn't do that. Constructively, we did that, Your Honor. I indicated, I'll explain that. I indicated to the court that we had our CEO in the gallery, and that she came from California that day prepared to testify. And even with that knowledge, the court said, no, I don't think it's necessary. Let's open this up for discovery. The only issue that was briefed thereafter, we also take issue with the court claiming we didn't raise it in supplemental briefing. The court had admonished us in that hearing. May I finish, Your Honor? Thank you. The court had admonished us to brief a very narrow tolling issue with respect to 60B3 and said to us, keep it short, counsel. So there was no perceived opportunity there to append evidence, nor from the hearing did there seem to be a need. The court seemed to accept our allegations as sufficient to warrant relief if proven. And therefore, we contest we should have had a hearing. Counsel? Go ahead. Yes, Your Honor. I thought I heard you say in the last bit that the judge was making remarks that were in your client's interest, in your client's favor. Correct, Your Honor. That was part of your reason for not requesting a hearing? Absolutely, Your Honor. Well, that's a waiver of the hearing. We were taking the judge's statement that a hearing would not be necessary as his decision that a hearing would not be necessary on the Rule 60B6 issue. The last question is, with respect to this issue of whether a hearing was requested, is that equally relevant to 60B6 and 60B3? It sounds from your cases that it is. So that if that, if there had to be a request for a hearing, and I understand you say there didn't have to be, but if there had to be one and none was made, we wouldn't have to get into the 60B3, 60B6 issue, would we? Because you'd lose either way? That's correct. Thank you, Your Honor. Thank you, Counsel. At this time, would Counsel for a Census College Savings please introduce himself on the record? Thank you. Good morning, Chief Judge Barron, Judge Lynch, and Judge Howard. My name is Mark DeSisto, and I represent the appellee Census College Savings Recordkeeping Services, LLC. And with me is Attorney Mitchell Edwards, who also participated in the brief. And if I could start with just one distinction here, and that is that it seems to me that the issue is misframed, respectfully, by my colleague. The lower court didn't say, I'm not granting your motion because you needed an evidentiary hearing and you didn't request one. What the lower court said simply is you didn't support that which you said. You didn't support the allegation or the claim of misrepresentation. And then the court goes on to say you could have had an evidentiary hearing. But, of course, that's not the only avenue to supporting in a motion like this that which you claim. How about an affidavit? How about some literature that points exactly to what you're saying? Yeah, but that sort of skips the step whether if a request for an affidavit hearing had been made, even though what was put forward wouldn't support the claim without the hearing, did what was put forward support the basis for holding an evidentiary hearing if requested? I think we're saying the same thing because, in other words, there was no support. That's not misframed. It's accurately framed because the contention is. I don't think you're saying the same thing at all. Judge Barron has focused on the question which has been raised on appeal. The error alleged to have occurred is the failure to hold an evidentiary hearing to which the court has been asking questions about whether there actually was such a request. Okay? So perhaps you could address that. Certainly, and I apologize if I didn't get that right. I think that's an easy issue. I think the case law, the Teamsters case, and another one by Judge Selye, I just can't remember it, says that you have to request it. You can't make the argument that we needed an evidentiary hearing if you didn't request it. I hope that answers your question. If it doesn't, let me know. And the Selye case is the one that you cited. I think it was the Teamsters case. But the rejoinder that I understand your opponent to have to that, which is the wrinkle in this particular case which you need to address, is they say that's all well and good, but if the district court says, by the way, don't ask for a hearing, I'm going to deny it, then it would be a little odd to say, but you must request it. So obviously that's not exactly what the district court said, but they say implicitly that's what they think the district court said. So why is that wrong? So the argument that I have to make to you is that he didn't say that. If you look at the context of what the lower court said, the lower court said in a colloquy, I don't really think we need an evidentiary hearing. Maybe we should open this up for discovery. I think I responded with, I don't think we should do that, because it doesn't fit in with the principle behind Rule 60B that there should be finality of the judgment and we should only do this in exceptional circumstances. Can you just explain to me what was going on in that colloquy? What did that mean, maybe we should open up for discovery? What was the district court talking about? Prior to having an evidentiary hearing, we would just have discovery? I don't quite understand what that could have meant. Okay, so sometimes I don't know what the judge is thinking. Sometimes I don't know what I'm thinking. So I think what the judge was trying to say is maybe we should just open this up for discovery, period. And I didn't get that. And that's why I said, when you look at 60B, you've got to look at those two bedrock principles. So your response back was that's not really an option. Yes, I think I vociferously said, well, what's the point then? Then you've already granted the motion if we have discovery. And at that point, your opponent, as they said today, says that would be great, effectively, if we opened it up for discovery. So there's no real reason for, as they think at that point, if that's what we're going to do, why would I request an evidentiary hearing? And you're basically agreeing at that point. But your point to us today is that doesn't mean the district court was saying, that's definitely what I'm going to do. And if you ask for an evidentiary hearing, I'm going to deny it because I'm going to grant discovery. It's all just in the way judges sometimes do throwing out possibilities. Yes, I think it's counsel's obligation to ask for an evidentiary hearing, and they didn't here. And so I want to, you know, the standard here is abuse of discretion. And I think when a lower court says there's no support for your allegation of misrepresentation, you have to be convinced that that was a clear error of judgment. I don't think you have that here. And I want to go back to one other thing, Chief Judge Lentz, that you brought up, and that is if before you get into whether or not 60B-6 applies as opposed to 60B-3, and we've made arguments in the brief, and I won't belabor it unless you have a question, that 60B-6 and 60B-3, the tenet here is that there was some misrepresentation. So the court's determination that you haven't provided any support ends that. Yes, the two issues can collapse into the court ruling that there was no evidence disposes of both issues. Yes, Your Honor. I take it that's your argument. That's the argument, and in keeping with the late part of the day, there are other arguments here, but I don't, unless you have questions, I don't think, unless you have questions, I will end. Okay. Thank you. Thank you, counsel. At this time, would an attorney for Unest Holdings please reintroduce himself on the record to begin. He has a two-minute rebuttal. Good morning once again, Your Honors. Joseph Farside for Appellant, Unest Holdings. The cases that I mentioned earlier, Barrett, Boss, even Triangle Capital, which is a 1989 Judge Wolf case, they use two sets of words that are important. One, in general, and this is a quote from Boss, the district court cannot ignore one party's uncontested allegations. The second is that, and this is set forth perhaps most clearly in Triangle Capital, that an evidentiary hearing is, quote, required. Again, none of those cases, including Barrett, turn on the issue of whether a request is made. I want to pivot for a moment to a topic I didn't get to earlier, which is an issue of 60B3 dealing with fraud and 60B6 dealing with extraordinary circumstances. And the conundrum that my client has is it's specifically alleged it was defrauded to entering into the settlement agreement, which directly led to the judgment. There are four circuit cases that specifically state that material breach of a settlement is a de facto extraordinary circumstance that justifies relief under 60B6. So I'm hard pressed, and my client is really hard pressed, to understand how a fraudulently induced settlement agreement is not an extraordinary circumstance when that agreement is technically void under the law, if our allegations are proven, that that judgment should stand, whereas we would be better off if the appellee had simply breached the settlement, and then we'd have a recourse under 60B6. To leave the court as a public policy matter, this is very difficult, a very difficult situation where clear allegations are made with public statements in that press release that fraud was committed, and if I may finish, Your Honor, I'll be about 10 seconds, that a fraud was committed, and the party waited a year and a month to reveal the fraud. We acted timely and in due course, and are left without a remedy, and we find that to be unjust. Can I ask you one question on that point? Yes. If you were to be unsuccessful in pursuing the Rule 60 avenue, and let's say it was because there hadn't been a request for an evidentiary hearing that would determine that without that request, the district court didn't err, that would mean that in the action before Judge McEvoy, which is still pending, right? That action has been consolidated before Judge Smith as well. So the old case and the new case. The new case is still pending. Correct. The concern is that would be subject to race judicata because of this judgment. Correct. But I don't know under race judicata law, is the claim of fraud a possible thing that could be brought to counter the argument for race judicata in that action, or is that not a viable thing? Well, yes, and thank you for raising this. That's how we started off bringing a new case. I understand that, but I just say if that's true, then there's a little bit less force to the idea that you're in an unjust predicament. It's just a question of which procedural route by which you try and attack the judgment is the proper one. That's how we tried to attack it. I understand that. Yes, Your Honor. So if we could revert to that posture. In that sense, you're no worse off than you were before you got into this. But I'd have to convince Judge McElroy to reverse her order. Correct. Okay. Thank you, Judge. Thank you to the Court. Thank you, Counsel. That concludes argument in this case. All rise. This session of the Honorable United States Court of Appeals is now recessed. God save the United States of America and this Honorable Court.